IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIO HERNANDEZ
ESCALANTE,                                *

    Petitioner,                        *

  v.                                              *    Civil Action No. 1:25-cv-01799-PX

KRISTI NOEM, Secretary,            *
United States Department           *
of Homeland Security, *et al.*,    *

    Respondents.
                                                      *
                                                   ***

## ORDER

Mario Hernandez Escalante ("Hernandez") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), challenging his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") and seeks immediate release from confinement. ECF No. 1. In 2019, Hernandez had been granted deferral of removal to his native country of El Salvador. ECF No. 1 ¶ 19. Since then, Hernandez has been living in Maryland and under the supervision of ICE. ECF No. 1-2.

On June 2, 2025, ICE instructed Hernandez to report to the ICE Baltimore Field Office the next day. ECF No. 11 at 3. When Hernandez arrived, he was immediately detained and informed that his release had been revoked because Respondents now sought to deport him to a country other than El Salvador. *Id*.

On the afternoon of June 5, 2025, ICE transferred Hernandez from custody in Baltimore to an ICE detention facility in Livingston, Texas ("IAH"). ECF No. 4-2. Hernandez, through counsel, did not file his habeas petition until several hours later, on June 6, 2025, at 2:25 AM. ECF No. 1. Hernandez has consistently remained in custody at IAH since his transfer.

It is undisputed when Hernandez filed his habeas Petition in this Court, he was detained in IAH. Thus, pursuant to the "immediate custodian" rule, the Court lacks the power to adjudicate the Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004). Because the "proper respondent" to the Petition is the warden of the facility where Hernandez is confined at the time of filing, the Petition may be heard only in the district of confinement. *Id.*; s*ee also Trump v. J. G. G.*, 145 S. Ct. 1003, 1005 (2025); *cf. United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008).

Hernandez has offered the Court no convincing basis to depart from the immediate custodian rule, and after careful review, the Court finds none. Thus, Hernandez can pursue his Petition only in the United States District Court for the Eastern District of Texas. The parties further agree that if the Court concludes the Petition must proceed in the Eastern District of Texas, the Court shall transfer the case in lieu of dismissal.

Accordingly, it is this 25th day of June, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1. The Temporary Restraining Order at ECF No. 9 is TERMINATED;
2. The Respondents Motion at ECF No. 4 is GRANTED;
3. In lieu of dismissing the Petition, the Clerk is DIRECTED to TRANSFER the case to the United States District Court for the Eastern District of Texas;
4. The Clerk SHALL TRANSMIT a copy of this Order to the parties; and
5. CLOSE this case.

June 25, 2025    /s/
Date              Paula Xinis
                  United States District Judge