IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARIO HERNANDEZ ESCALANTE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:25-CV-00182-MJT |
| | § | |
| KRISTI NOEM, TODD M. LYONS, NIKITA BAKER, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING**
**REPORT AND RECOMMENDATION**

This case was referred to United States Magistrate Judge Christine L. Stetson pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. In accordance with that referral, on July 11, 2025, Magistrate Judge Stetson entered a Report and Recommendation [dkt. 31] on the Petition for Writ of Habeas Corpus. On July 30, 2025, the Respondents filed proper objections to that report with leave of court [dkt. 41]. The Court has considered the Report and Recommendation and the Respondent's objections.

NEW EVIDENCE

Respondents' objections incorporate new evidence, including the sworn declaration of Anthony Bennett. Typically, issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 (E.D. Tex. Sept. 27, 2024). However, as noted by the Respondents, there are "factors that a court should consider in

deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued, including: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the [ ] motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003); *see also Massachusetts Inst. of Tech. v. Abacus Software, Inc.,* No. CIV-A-501-CV344, 2004 WL 5268124, at *4 (E.D. Tex. Sept. 29, 2004). "Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). It is within the district court's discretion to consider new evidence submitted in support of objections to a magistrate's findings and conclusions. *BHI Energy I Power Services, LLC v. KVP Energy Services, LLC*, No. 3:22-CV-1981-L-BN, 2024 WL 3988828, at *6 (N.D. Tex. Aug. 29, 2024), *aff'd sub nom., BHI Energy I Power Services, L.L.C. v. KVP Holdings, L.L.C.*, No. 24-10899, 2025 WL 1249899 (5th Cir. Apr. 30, 2025).

  Respondents note in a parenthetical in their objections that the above factors exist but fail to explain their reason for not originally submitting the evidence, the importance of the evidence, whether it was previously available, and any unfair prejudice. *See Ruvalcaba v. Angleton Indep. Sch. Dist.*, No. 20-40491, 2022 WL 340592, at *6 (5th Cir. Feb. 4, 2022) ("As we have held under like circumstances where a litigant has 'provid[ed] no reason why it failed to introduce the evidence earlier,' we hold here that the district court clearly did not abuse its discretion in disallowing this evidence."). Presumably, obtaining a declaration from an ICE representative could have been done prior to filing their response to the Petition or at least in a supplemental filing, such as when the Court requested a status update from the parties. Much of the information

in the declaration is a timeline of events already before the Court. The only new information provided is a date for Petitioner's third country screening of July 25, 2025, and a warning dated July 21, 2025, given to Petitioner. All of the remaining events listed occurred prior to the Court's deadline of July 7, 2025, to provide a status update as to the immigration proceedings, which the Respondents elected not to provide. Moreover, the Court finds unfair prejudice to the Petitioner in Respondents' delay of providing evidence regarding his detainment. Therefore, the Court declines to consider the Respondents' new evidence.

## JURISDICTION

Respondents also object to the Report and Recommendation arguing that the Court lacks jurisdiction in this matter pursuant to 8 U.S.C. § 1252(g). As noted in the Court's prior Order Denying Preliminary Injunction, this court has jurisdiction to consider this matter. The United States Supreme Court has held that 28 U.S.C. § 2241 confers jurisdiction to challenge detention that is without statutory authority, as well as constitutional challenges to post-removal-period detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Virani v. Huron*, No. SA-19-CV-00499-ESC, 2020 WL 1333172, at *1 (W.D. Tex. Mar. 23, 2020) (citing *Gul v. Rozos*, 163 F. App'x 317, 2006 WL 140540, at *1 (5th Cir. 2006)) ("Federal courts have jurisdiction, however, to adjudicate claims challenging the constitutionality of an alien's continued detention."); *see also Roe v. Oddo*, No. 3:25-CV-128, 2025 WL 1892445, at *4 (W.D. Pa. July 9, 2025) (holding that 8 U.S.C. § 1252(g) did not strip the court of jurisdiction since it was "examining the contest of Petitioner's detention" and not "reviewing Petitioner's removal order").

The Supreme Court has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[H]abeas

relief applies to petitioners seeking relief from executive detention but not to petitioners seeking to remain in the United States." *Rauda v. Jennings*, 55 F.4th 773, 779 (9th Cir. 2022) (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116–20 (2020)). Here, the Petitioner is contesting his detention and his due process rights, not the execution of his order of removal as shown by his willingness to be removed to Canada.

Respondents also object that the REAL ID Act's amendment to section 1252(b)(9) strips courts of jurisdiction to hear all questions of law and fact arising from any action taken to remove an alien. In *Texas v. United States*, 126 F.4th 392, 417 (5th Cir. 2025), the Fifth Circuit noted that because this provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined, § 1252(b)(9) is certainly not a bar where, as here, the parties are not challenging any removal proceedings." *Texas*, 126 F.4th at 417 (addressing challenges to DACA) (internal quotations omitted) (citing *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020)). In another case, the Fifth Circuit explained that "[u]nder 8 U.S.C. § 1252, when a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is *inextricably linked* to the order of removal, the federal district court lacks subject-matter jurisdiction. The distinction between an independent claim and one that is *inextricably linked* to a removal or deportation order will turn on the substance of the relief that a plaintiff is seeking." *Duarte v. Mayorkas,* 27 F.4th 1044, 1054–55 (5th Cir. 2022) (aliens brought case challenging USCI's decision to deny adjustment to immigration status as arbitrary and capricious under the APA) (internal citations and quotations omitted).

In *Kong,* the First Circuit discussed section 1252(b)(9) as it applies to a claim regarding the legality of an alien's detention. *Kong v. United States*, 62 F. 4th 608 (1st Cir. 2023). The court

4

explained the legislative history of the REAL ID act of 2005 and cited to a conference report that specified that "nothing in the amendment would preclude habeas review over challenges to detention that are independent of challenges to removal orders." *Id.* at 614. The court reiterated its previous holding in *Aguilar* that district courts retain jurisdiction over challenges to the legality of detention in the immigration context. *Id.* (citing *Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 11 (1st Cir. 2007) ("the legislative history indicates unequivocally that the channeling provisions of section 1252(b)(9) should not be read to preclude habeas review over challenges to detention.")).

As stated above, Petitioner is not before this Court contesting Respondents' right to remove him to a third country, nor is he asking this court to make a decision regarding his removal to any country. He is merely asking to be placed back on supervised release pending his removal pursuant to the immigration regulations regarding supervised release. If the Respondents make the required regulatory efforts and showing of significant likelihood of removal within the reasonably foreseeable future while giving him the necessary due process, nothing in this order will prevent them from re-detaining him or removing him. This objection is overruled.

BURDEN OF PROOF

The Respondents also object that the magistrate judge erred in shifting the burden to Respondents to show likelihood of removal. The Court must agree with Magistrate Judge Stetson's evaluation of the burden shifting in this case. As noted in the Report and Recommendation, this is not your typical first round detainment of an alien awaiting removal. Petitioner was previously detained, then released on supervised release for several years, and his 90-day removal period expired. *Zadvydas*, relied upon by Respondents, dealt with the initial detainment of an alien awaiting removal. *Zadvydas v. Davis*, 533 U.S. 678 (2001). After

*Zadvydas*, the immigration regulations were revised to implement administrative review procedures for those aliens detained beyond the removal period, including those who are re-detained upon revocation of their supervised release. *Meighan v. Chertoff*, No. CIV.A. H-08-1222, 2008 WL 1995374, at *2 (S.D. Tex. May 6, 2008) (citing *Continued Detention of Aliens Subject to Final Orders of Removal*, 66 Fed. Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13)). In their objections, Respondents omit any discussion of the regulations regarding the revocation of supervised release and the procedures that apply in this scenario.

Section 241.13(i)(2) entitled "Revocation for removal" provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). Section 241.4(b)(4) entitled "*Service determination under 8 C.F.R. 241.13*" states that, after supervised release under section 241.13, "*if the Service subsequently determines*, because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future to . . . a third county, the alien shall again be subject to the custody review procedures under this section." 8 C.F.R. § 241.4(b)(4) (emphasis added).

These regulations clearly indicate, upon revocation of supervised release, it is the Service's burden to show a significant likelihood that the alien may be removed. Other cases have indicated the same upon revocation of release. *See Nguyen v. Hyde,* No. 25-cv-11470, 2025 WL 1725791 (D. Mass. June 20, 2025) (finding *Zadvydas* 6-month presumption not applicable where alien is "re-detained" after having been on supervised release and that respondents failed to meet their burden to show a substantial likelihood of removal is now reasonably foreseeable); *Tadros v. Noem*, No. 25-cv-4108, 2025 WL 1678501 (D. N.J. June 13, 2025) (finding 6-month presumption

had long lapsed while petitioner was on supervised release and it is respondent's burden to show removal is now likely in the reasonably foreseeable future). Imposing the burden of proof on the alien each time he is re-detained would lead to an unjust result and serious due process implications. And, while the magistrate judge cited both the *Nguyen* and *Tadras* cases in her report and recommendation, Respondents make no effort to distinguish these cases in their objections. Moreover, the cases cited by the Respondents placing the initial *Zadvydas* burden with the alien, are not re-detention cases. Therefore, they are not on point for this instant case.

The Court finds Respondents have failed to meet their burden. Petitioner's credible fear interview regarding his removal to Mexico is long overdue. Pursuant to section 208.31, "in the absence of exceptional circumstances, [a reasonable fear] determination will be conducted within 10 days of referral." 8 C.F.R. § 208.31(b). Officer Boyd stated in his declaration that after the Petitioner was served with the Notice of Removal to Mexico on June 18, 2025, he expressed his fear of being removed to Mexico. It has been 6 weeks since then and counting.[1] Even if that interview does occur in the near future, Petitioner may succeed on his reasonable fear claim taking Mexico off the table for removal. Thus far, Respondents have only made conclusory statements that they are taking steps to remove Petitioner to Mexico or perhaps Canada. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Kane v. Mukasey*, No. CV B-08-037, 2008 WL 11393137, at *5 (S.D. Tex. Aug. 21, 2008), *superseded by*, 2008 WL 11393094 (S.D. Tex. Sept. 12, 2008) (a new report and recommendation was entered denying the petition as moot because petitioner was deported prior to the order adopting), *R & R adopted*, 2008 WL 11393148 (S.D. Tex. Oct. 7, 2008).

---

[1] In Respondents' newly presented evidence, they state that Petitioner was scheduled for a third country screening on the day their objections were due—July 25, 2025, but Petitioner is at fault for that screening not occurring due to his counsel being unavailable. As previously discussed by the Court, this evidence will not be considered.

CONCLUSION

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes that the objections are without merit. Accordingly, the Court ADOPTS the magistrate judge's recommendation, OVERRULES the Respondent's objections, and GRANTS the Petition for Writ of Habeas Corpus. Respondents are ORDERED to release Petitioner subject to an order of supervision in accordance with 8 C.F.R. § 241.5, including the continued use of an ankle monitoring device. The court further ORDERS that Respondent's Motion to Dismiss or Stay [dkt. 10] this case pending resolution of the *DVD* class action case be DENIED.

A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 2nd day of August, 2025.**

_____
Michael J. Truncale
United States District Judge